FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 11 2013 ★ Rec'd
10/15/13
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TERRY KING,

               Plaintiff,

               **MEMORANDUM AND ORDER**
               13-CV-5307 (ARR)

     -against-

WARDEN (JOHN DOE); UNIT CAPT. (JOHN
DOE); DEPT. OF SECURITY (JOHN DOE);
OFFICER ELLIS - A Post, 3-11 pm; OFFICER
DIANGILIOUS - B Post, 3-11 pm; OFFICER
JONES - 3-11pm,

               Defendants.
-----------------------------------------------------------x
ROSS, United States District Judge:

     Plaintiff Terry King, currently incarcerated at Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Warden John Doe, Unit Captain John Doe, Department of Security John Doe, Correction Officer Ellis and Correction Officer Diangilious are dismissed. Plaintiff's claims shall proceed against Correction Officer Jones.

## BACKGROUND

     Plaintiff alleges that at Rikers Island on July 5, 2013, Correction Officer Jones unlawfully sprayed him with mace, causing injury to plaintiff's eyes and face. Compl. at 6, 10. Plaintiff further alleges that Officer Jones unlawfully divulged private information about plaintiff to other inmates. Compl. at 5. Plaintiff seeks unspecified damages. Compl. at 11.

1

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff has named Warden John Doe, Unit Captain John Doe, Department of Security John Doe, Correction Officer Ellis, Correction Officer Diangilious, and Correction Officer Jones

2

as defendants, yet he fails to set forth any factual allegations in the complaint against any of these individuals except for Correction Officer Jones as is required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must demonstrate a defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Kneitel v. Hynes, No. 11-CV-2883(NGG)(VVP), 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011). Thus, plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

Additionally, liability under § 1983 cannot be generally imposed on a supervisor, such as the Warden or Unit Captain named here, solely based on his position because there is no respondeat superior or vicarious liability under § 1983. See, e.g., Iqbal, 556 U.S. 662, 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); Jenkins v. Morris, No. 11-CV-4178 (SLT)(CLP), 2011 WL 3877057, at *2 (E.D.N.Y. Sept. 1, 2011).

## CONCLUSION

Accordingly, all claims against defendants Warden John Doe, Unit Captain John Doe, Department of Security John Doe, Correction Officer Ellis and Correction Officer Diangilious are dismissed without prejudice pursuant to 28 U.S.C. § 1915A. No summonses shall issue as to these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's claims shall proceed against Correction Officer Jones.

The United States Marshals Service is directed to serve the summons, complaint, and this

Order upon the remaining defendant without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. All pretrial matters are referred to Magistrate Judge James Orenstein. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ALLYNE R. ROSS
United States District Judge

Dated: October 11, 2013
Brooklyn, New York